United States District Court
Southern District of Texas
**ENTERED**
August 11, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EMMANUEL LOPEZ, § <br> SPN #02124749, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MAYOR SYLVESTER TURNER, § <br> et al., § <br> § <br> Defendants. § | CIVIL ACTION NO. H-23-2127 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Emmanuel Lopez (SPN #02124749; former Hidalgo County #I332-22), has filed a handwritten civil rights complaint ("Complaint") (Docket Entry No. 1) concerning the conditions of his confinement at the Harris County Jail. Because Lopez is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)(2); see also 28 U.S.C. § 1915(e)(2)(B)(ii)(iii). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

I.  **Background**

Lopez filed this lawsuit while in custody at the Harris County Jail.[1] Public records confirm that on April 25, 2023, Lopez was arrested and charged with committing aggravated assault with a deadly weapon in Harris County Case No. 1816816.[2] On July 6, 2023, Lopez entered a guilty plea in the 338th District Court for Harris County, Texas, to the reduced charge of making terroristic threats.[3] He received a sentence of 90 days' confinement with credit for 74 days of time served.[4]

Invoking 42 U.S.C. § 1983, Lopez sues the following defendants:  (1) Mayor Sylvester Turner of the City of Houston; (2) Harris County Sheriff Ed Gonzalez; (3) the Harris County Sheriff's Office; (4) the Harris County Sheriff's Office Jail ("Harris County Jail") and (5) an unidentified "Captain of the Harris County Sheriff['s] Office Jail".[5] Lopez, who is Muslim,

---

[1]Complaint, Docket Entry No. 1, p. 1.

[2]See Indictment in Case No. 1816816, available at Office of the Harris County District Clerk, located at: http://www.hcdistrictclerk.com (last visited Aug. 7, 2023).  When deciding to dismiss a complaint a "district court may properly take judicial notice of public state court records."  Stiel v. Heritage Numismatic Auctions, Inc., 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam).

[3]See Judgment of Conviction by Court - Waiver of Jury Trial in Case No. 1816816, available at Office of the Harris County District Clerk, located at:  http://www.hcdistrictclerk.com (last visited Aug. 7, 2023).

[4]Id.

[5]Complaint, Docket Entry No. 1, pp. 1, 2.

alleges that he asked the chaplain and a dietician in the Jail medical clinic for a "tray change" so that he could receive kosher meals to accommodate his religious beliefs.[6] He also requested kosher meals from kitchen personnel, who advised him to contact the chaplain and a dietician.[7] Despite making numerous requests for a kosher meal tray Lopez has continued to receive a "regular" tray.[8] Lopez seeks $65,000,000.00 in damages for unspecified harm to his body and for mental anguish caused by ingesting food that he considers sinful.[9]

## II.  Standard of Review

Federal courts are required by the Prison Litigation Reform Act ("PLRA") to screen prisoner complaints to identify cognizable claims or dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute,

---

[6] Id. at 2.

[7] Id. at 3.

[8] Id. at 2-5.

[9] Id. at 6.

28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "'accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.'" Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir.

2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, L.L.C., 996 F.3d 302, 306-07 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

Because the plaintiff represents himself, his pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam). Even under this lenient standard a plaintiff must allege sufficient facts which, when taken as true, state a claim for relief that is plausible on its face. Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (citation omitted).

### III. Discussion

#### A. Lack of Capacity

Lopez sues the Harris County Jail and the Harris County Sheriff's Office, which operates the Jail. As a subdivision of Harris County, however, neither the Harris County Sheriff's Office nor the Harris County Jail has the capacity to be sued as required by Fed. R. Civ. P. 17(b). See Aguirre v. Harris County Sheriff's Office, Civil No. H-11-3440, 2012 WL 6020545, at *2 (S.D. Tex. Nov. 30, 2012); Lane v. Harris County Jail Medical Dep't, Civil

Action No. H-06-0875, 2006 WL 2868944, at *7 (S.D. Tex. Oct. 5, 2006); see also Potts v. Crosby Ind. Sch. Dist., 210 F. App'x 342, 344-45 (5th Cir. 2006) (per curiam) (upholding dismissal of claims against the Harris County Sheriff's Department on the grounds that, as a "non sui juris division of Harris County," it lacked the capacity to be sued) (citing Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991)). Absent the requisite legal capacity, Lopez fails to state a claim upon which relief may be granted against the Harris County Jail and the Harris County Sheriff's Department.

**B. Lack of Personal Involvement**

The primary defendant identified by Lopez is Sylvester Turner, who serves as Mayor of the City of Houston.[10] Lopez does not allege facts showing that Turner had any personal involvement with his underlying claim or that he has any role in overseeing the operation of the Harris County Jail. Because "[p]ersonal involvement is an essential element of a civil rights cause of action," Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), Lopez fails to state a claim upon which relief may be granted against Mayor Turner.

Lopez also identifies Sheriff Gonzalez and an unidentified Captain as defendants, but offers no facts showing that either one of these supervisory officials had any personal involvement with

---

[10]Complaint, Docket Entry No. 1, pp. 1-2.

Lopez's request for a kosher meal tray.[11] Absent personal involvement or any other facts that would give rise to supervisory liability, Lopez fails to state a claim upon which relief can be granted against Sheriff Gonzalez or the unidentified Captain listed in the Complaint. See Ashcroft, 129 S. Ct. at 1949 (supervisory officials are not liable for wrongdoing by subordinates because "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). Therefore, the claims against Mayor Turner, Sheriff Gonzalez, and the unidentified Captain will be dismissed under 28 U.S.C. § 1915A.

## C. Claims Against Harris County

To the extent that Lopez's Complaint could be construed as raising a claim against Harris County, a municipal entity is not vicariously liable under a theory of respondeat superior for wrongdoing committed by its employees. See Monell v. Dep't of Social Services of City of New York, 98 S. Ct. 2018, 2036 (1978) ("[W]e conclude that a municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original). To state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must allege facts identifying "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive

---

[11] Id.

knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir. 2002); see also Monell, 98 S. Ct. at 2037-38.

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (citations omitted). To demonstrate that a custom or policy exists, a plaintiff must show either "a pattern of unconstitutional conduct . . . on the part of municipal actors or employees," or that "a final policymaker took a single unconstitutional action." Zarnow v. City of Wichita Falls, Texas, 614 F.3d 161, 169 (5th Cir. 2010) (emphasis in original). Lopez does not allege facts that are sufficient to establish a policy or to state a claim for relief against Harris County as a municipality. See Peterson v. City of Fort Worth, Texas, 588 F.3d 838, 847 (5th Cir. 2009) ("A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'") (quoting Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001)). Accordingly, Lopez fails to state a claim against Harris County.

**D. The Claim for Damages is Barred by the PLRA**

To the extent that Lopez blames other officials at the Harris County Jail for denying his request for kosher meal trays,

his Complaint fails for another reason. The only relief that Lopez requests is compensatory damages in the amount of $65,000,000.00.[12] This case is governed by the PLRA, which precludes an action for compensatory damages for "mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). The Fifth Circuit *has held that this restriction "applies to all federal civil actions" filed by prisoners, "making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005).

Lopez, who claims to have suffered mental anguish and unspecified bodily harm from having to eat meals from a regular tray, has not alleged specific facts showing that he suffered any physical injury as the result of being denied a kosher diet. Courts have held that lack of access to a kosher diet, without proof of the requisite physical injury, does not state a claim for compensatory damages. See Searles v. Van Bebber, 251 F.3d 869, 876-77 (10th Cir. 2001) (construing § 1997e(e) to bar a jury verdict for damages in a claim that prison officials denied the plaintiff a kosher diet); Ciempa v. Jones, 745 F. Supp. 2d 1171, 1198 (N.D. Okla. 2010) (dismissing claims for damages stemming from "denial of request to purchase pork-free hygienic products" on summary judgment where the plaintiff failed to demonstrate the

---

[12]Complaint, Docket Entry No. 1, p. 6.

requisite physical injury for purposes of § 1997e(e)); Broyles v. Marks, Case No. 18-3030-SAC, 2018 WL 2321822, at *4-5 (D. Kan. 2018) (dismissing claims for compensatory damages under § 1997e(e) where the plaintiff failed to demonstrate physical injury as the result of receiving a kosher diet with only limited options). As a result, Lopez's claim for compensatory damages is barred by the PLRA. See Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997). Because Lopez has not articulated a claim upon which relief may be granted, this case will be dismissed under 28 U.S.C. § 1915A.

### IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The civil rights complaint filed by Emmanuel Lopez under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 11th day of August, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE